{¶ 102} I respectfully dissent from the opinion of the remaining panel members concerning their resolution of the sixth assignment of error.
 {¶ 103} As correctly alleged by appellant, the trial court failed to mention at the sentencing hearing the possibility of post-release control sanctions, but did later include this possibility in its sentencing order. Despite this sentencing order language, Woods v. Telb
(2000), 89 Ohio St.3d 504, paragraph two of the syllabus, mandates that "the trial court inform the offender at sentencing or at the time of the plea hearing that post-release control is part of the offender's sentence." The majority in this sixth assignment of error herein would make it so that the trial court has only one bite at the post-release imposition apple. Either it makes that advisement at the original sentencing hearing or, failing to do so, the court is precluded from making the advisement at any resentencing hearing. Telb makes no such restriction for the timing of this advisement, other than that it be made at sentencing or at the time of a guilty plea hearing, and the majority on this sixth assignment is absolutely incorrect to infer through its ruling that it does. This court of appeals has taken the view, on numerous occasions, that where the trial court has improperly sentenced a defendant with regard to post-release control notification, a vacation of the improper sentence and remand for resentencing and the advisement of post-release controls is proper: The majority's authority is in clear conflict with these cases from within our court, two of which cases have been denied further appeal by the Ohio Supreme Court. See State v. Huber
(Oct. 24, 2002), Cuyahoga App. No. 80616; State v. Jordan (Sept. 5, 2002), Cuyahoga App. No. 80675; State v. Bryant (May 2, 2002), Cuyahoga App. No. 79841, discretionary appeal disallowed in (2002),96 Ohio St.3d 1514, 2002-Ohio-4950; State v. Mallet (Nov. 15, 2001), Cuyahoga App. No. 79306; State v. Rashad (Nov. 8, 2001), Cuyahoga App. No. 79051; State v. Hart (May 31, 2001), Cuyahoga App. No. 78170; Statev. Woods (Mar. 15, 2001), Cuyahoga App. No. 77713; State v. Williams
(Dec. 7, 2000), Cuyahoga App. No. 76816; State v. Dillon (Nov. 30, 2000), Cuyahoga App. No. 77847; State v. Wright (Sept. 28, 2000), Cuyahoga App. No. 77748; State v. Hayley (Dec. 2, 1999), Cuyahoga App. No. 74718, discretionary appeal disallowed in (2000), 88 Ohio St.3d 1434,724 N.E.2d 810; State v. Akins (June 3, 1999), Cuyahoga App. No. 74261;State v. Shine (Apr. 29, 1999), Cuyahoga App. No. 74053; State v. Davis
(June 18, 1998), Cuyahoga App. No. 72820.
 {¶ 104} Additionally, if a remand for resentencing is looked upon without favor, this assignment should be overruled due to a failure by appellant to demonstrate any prejudice caused by the trial court's failure to advise him of post-release controls at his original sentencing hearing. This writer questions the need to remand the matter so that the court can advise the appellant of a condition, post-release control, which appellant already has knowledge of because appellant has raised the matter as an assignment of error in this notice of appeal. A remand at this point accomplishes, essentially, nothing and is an exercise in judicial and financial inefficiency. As recently noted in State v.Rembert (Dec. 13, 2001), Cuyahoga App. No. 79297, under an identical fact pattern as this one from an appeal of a conviction subsequent to a trial, "[I]t is sufficient that the journal entry reflects the possibility ofpost-release control. This information, or lack thereof, may support a Crim.R. 11 issue; but has no impact on the validity of this sentence. Accordingly, this assignment of error is overruled." (Emphasis added.)
 {¶ 105} Accordingly, I would do one of the following: (1) find that this assignment has merit, vacate the sentence and remand for resentencing so that appellant could be advised of post-release controls; or, in the alternative, (2) overrule the assignment in its entirety based on State v. Rembert, supra.